In The United States District Court
for the Eastern District of California
Fresno Division

**FILED**
SEP 21 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| | |
|---|---|
| Mitsue Takahashi, | Case No.: |
| Plaintiff, | |
| vs. | 1: 0 9 CV 0 1 6 7 0 LJO GSA |
| NEA-CTA-MMCUC-LETA, individuals and DOES 1 through XX, inclusive, | JURY DEMAND ENDORSED HEREON |
| Defendants. | |

Complaint

The plaintiff alleges:

FIRST CAUSE OF ACTION
(Wrongful Discharge)

I.

1. At all times herein mentioned, defendant NEA-CTA-MMCUC-LETA (hereinafter referred to as LETA) is and was a labor union representing employees of a public agency, organized and operating under and pursuant to the laws of the State of California and at all times herein mentioned, is situated in the County of Merced, State of California.

II.

2. At all times herein mentioned, defendants DOES 1 through XX, inclusive, were individuals, employed by defendant LETA, and at all times herein mentioned were acting as union stewards or representatives of defendant LETA, and at all times herein mentioned was in the course and scope of their employment as union representatives of

1

teaching and other educational employees of school districts within Merced County, California.

### III.

3. At all times herein mentioned, defendant LETA, and individuals employed by defendant LETA, and DOES 1 through XX, inclusive, as individuals working for LETA representing school districts within Merced County, CA, hired plaintiff or caused her to be hired on or about the year 1960, as a 7th and 8th grade school teacher. During her employment with LETA, plaintiff applied for permanent positions on many occasions. Although she tested at the top of the candidate list, she was never interviewed or offered a position.

### IV.

4. That at all times herein mentioned, defendant, LETA, employed DOES 1 through XX, inclusive, as individuals employed by defendant, LETA, and acted as and perpetrated the wrongs alleged within this complaint, with plaintiff asking for leave to amend the complaint with the names, positions, and titles held at LETA, once fully ascertained.

### V.

5. During plaintiff's employment within a school district represented by LETA, plaintiff applied on several occasions for management and other permanent positions. Although she met all the requirements including five professional designations and many years of administrative experience within an educational environment, she was never interviewed or offered a position.

### VI.

6. Plaintiff was denied promotion and benefits because of retaliation for a fight in eminent domain in which she defended the right to seize her property against the Board of

Education of the Livingston Union School District of Merced, CA, her national origin (Japanese), race (Asian), color, sex (female), and age.

VII.

7. The wrongs committed against plaintiff by defendant(s) are ongoing with damage felt until this day.

VIII.

8. On or about August 1960, plaintiff entered into a written employment contract with defendant(s). Implied as a covenant to said written employment contract was an implied covenant that each party would act in good faith and deal fairly with the other party and that each party would do nothing in derogation of the contract or to prevent the other party from performing under the contract.

IX.

9. On or about November 6, 1980, plaintiff was told to go home by representatives of LETA and would get a phone call with her daily assignment. Plaintiff never got that phone call. She complained to the union. She paid dues. Plaintiff performed all the conditions, covenants and promises on her part to be performed under the terms and conditions of the contract.

X.

10. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq., 29 USC § 215, et seq., 28 USC § 1343(4), 28 USC § 1331(a), and pendent jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by federal and state laws, which provide for injunctive and other relief against age discrimination in employment practices.

XI.

11. This action is also brought pursuant to discrimination based upon national origin (Japanese), race (Asian), color, sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and pendent jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by federal and state laws, which provide for injunctive and other relief against age discrimination in employment practices.

XII.

12. The plaintiff, Mitsue Takahashi, is a citizen of the United States and resides in Merced County, California. She is 80 years old and was terminated from her job with defendant(s). The defendant, LETA, breached the written employment contract and the implied covenant of good faith and fair dealing, by terminating her or allowing her to be terminated without just cause, when plaintiff was notified that she was terminated from teaching at the school she was employed at as a 7th and 8th grade teacher. The defendant, LETA, specifically breached the contract by:

    i. Terminating her or allowing her to be terminated without just cause;

    ii. By denying her promotion and benefits in retaliation for not taking early retirement through their lack of union representation on her behalf; and

    iii. By discriminating against her based on national origin, race, color, sex, and age.

XIII.

13. As a proximate result of the breach of the written employment contract and the implied covenant of good faith and fair dealing by the defendants and each of them, plaintiff has suffered a continuing loss of wages. Plaintiff is informed and believes and thereon

4

alleges that said loss of earnings at this time approaches the sum of $40,000 and is continuing. Plaintiff prays leave to amend this complaint to allege the true sum of loss of earnings when the same has been ascertained.

XIV.

14. As a further proximate result of the breach of contract and implied covenant of good faith and fair dealing by defendant, LETA, the plaintiff has lost the dignity and worth as a human being and has suffered severe emotional distress that was a foreseeable result of the breach of contract and therefore plaintiff is entitled to general damages in a sum exceeding the jurisdictional minimums of the Superior Court of California.

XV.

15. As a further proximate result of the breach of contract and the breach of the implied covenant of good faith and fair dealing, plaintiff was forced to retain attorneys to represent her in the pursuit of administrative remedies and plaintiff has suffered damages in the form of attorney fees and costs in the exact amount which is unknown at this time and plaintiff prays leave to allege the true amount when the same has been ascertained.

XVI.

16. Plaintiff, in enforcing her rights against the defendants, and each of them, is also enforcing the important right affecting the public interest pursuant to CCP 1021.5 and therefore is entitled to attorney fees in this action according to proof.

XVII.

17. Plaintiff has exhausted all of her administrative remedies against the defendant, LETA, by appealing her discharge to the Commission on Professional Competency and the Equal Employment Opportunity Commission (EEOC).

XVIII.

18. On or about June 12, 2009, plaintiff filed a claim with the EEOC injuries as a result of her wrongful discharge.

### XIX.

19. On or about June 24, 2009, the said Commission rejected the claim presented by plaintiff to the EEOC. A copy of said Rejection of Claim is attached hereto, labeled Exhibit A and incorporated herein by reference.

WHEREFORE, plaintiff prays for damages as hereinafter alleged.

### SECOND CAUSE OF ACTION
(Conspiracy to Defraud)

### I.

20. Plaintiff refers to Paragraphs 1 through 19 of the First Cause of Action and incorporates them herein by reference.

### II.

21. That during the year of 1994 and all years subsequent, defendants, LETA, and DOES 1 through XX, inclusive, agreed and conspired, pursuant to a common plan, scheme and device, to terminate the plaintiff from her employment. Said defendants specifically agreed that if they could get rid of the plaintiff, they could save school district management money because the plaintiff was at the top of her salary scale and the defendants could then cause to be hired a probationary younger clerk of non-Japanese descent.

### III.

22. Plaintiff, as an employee of a school district represented by LETA, and working under the direct control of the said defendants as administrators of said defendant(s), put her

trust and confidence in the defendants and that they, as her immediate stewards and or representatives, owed her a fiduciary duty to deal fairly and in good faith with plaintiff.

IV.

23. The individual defendants and each of them knew that the plaintiff was at least one of the best 7th and 8th grade school teachers to work within a school district represented by LETA.

V.

24. Rather than dealing with plaintiff in good faith and fairly, plaintiff was discriminated against by the defendant(s).

VI.

25. Plaintiff applied several times for promotion and benefits but was repeatedly denied same.

VII.

26. As a proximate result of the discrimination herein alleged, the plaintiff has suffered loss of wages for the years 1980 and subsequent up until this day and continuing.

VIII.

27. As a proximate result of the discrimination herein alleged, the plaintiff has lost her dignity and worth as a human being and has suffered severe emotional distress that was a foreseeable result of the defendants' actions and therefore plaintiff is entitled to general damages in a sum exceeding the jurisdictional minimums of the Superior Court of California.

IX.

28. As a further proximate result of the discrimination herein alleged, plaintiff was forced to retain attorneys to represent her in the pursuit of administrative remedies and plaintiff has suffered damages in the form of attorney fees and costs in the exact amount which is unknown at this time and plaintiff prays leave to allege the true amount when the same has been ascertained.

X.

29. In doing the acts as herein alleged, the individual defendants acted with oppression, fraud and malice in that they deliberately denied or cause to be denied plaintiff promotions and benefits, and plaintiff is entitled to punitive damages in the sum of $100,000.00 per defendant.

WHEREFORE, plaintiff prays for damages as hereinafter alleged.

### THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress Against All Defendants)

I.

30. Plaintiff refers to Paragraphs 1 through 29 and incorporates them herein by reference.

II.

31. DOES 1 through XX, inclusive, as individual defendants, participated in the termination of the plaintiff and, in terminating or in causing to be terminated the plaintiff, at all times acted in the course and scope of their employment with defendant, LETA. At said time and place the conduct of the individual defendants, and each of them, was intentional and malicious and done for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

III.

32. As a proximate result of the acts of the defendants, and each of them, plaintiff has suffered great damage to her reputation and embarrassment in her community all to her damage in a sum in excess of the jurisdictional minimum of the Superior Court of California.

### IV.

33. As a further proximate result of the acts of the defendants, and each of them, plaintiff was terminated unlawfully from her occupation, the amount of earnings lost to plaintiff are unknown at this time. Plaintiff will ask leave to amend this complaint to set out the true amount when the same has been ascertained.

### V.

34. As a further proximate result of the acts of defendant, and each of them, plaintiff was forced to retain attorneys to represent her in the pursuit of administrative remedies and plaintiff has suffered damages in the form of attorney fees and costs in the exact amount which is unknown at this time and plaintiff prays leave to allege the true amount when the same has been ascertained.

### VI

35. The acts of the individual defendants, and each of them herein, are willful, wanton, malicious and oppressive and in reckless disregard of the plaintiff. The individual defendants, and each of them, engaged in a plan, scheme and design to harass and annoy and try to prevent plaintiff from continuing her work and by reason of the willful and malicious conduct of the individual defendants, and each of them, and because of the reckless disregard for the rights of the plaintiff, plaintiff is entitled to exemplary and punitive damages in the sum of $100,000.00 per individual defendant.

WHEREFORE, plaintiff prays for damages as hereinafter alleged.

## FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

I.

36. Plaintiff refers to Paragraphs 1 through 35 and incorporates them herein by reference.

II.

37. At said time and place the defendants, and each of them, negligently and carelessly caused plaintiff to suffer humiliation, mental and emotional anguish and physical distress in that the individual defendants, DOES 1 through XX, inclusive, participated in the termination of the plaintiff and in terminating the plaintiff, at all times acted in the course and scope of their employment and that the defendants, and each of them, were negligent and careless in that they negligently abused their relationship as union representatives of the plaintiff in denying fair and equal treatment based on discriminatory grounds.

III.

38. As a proximate result of the negligent acts of the defendants, and each of them, plaintiff has suffered great damage to her reputation and embarrassment to her community all to her damage in a sum in excess of the jurisdictional maximum of the Superior Court of California.

IV.

39. As a further proximate result of the acts of the defendants, and each of them, plaintiff was terminated unlawfully from her occupation. The amount of earnings which have been lost and will be lost to plaintiff are unknown at this time and plaintiff will ask leave to amend this complaint to set out the true amount when the same has been ascertained.

V.

40. As a further proximate result of the acts of the defendants, and each of them, plaintiff was forced to retain attorneys to represent her in the pursuit of administrative remedies and plaintiff has suffered damages in the form of attorney fees and costs in the exact amount which is unknown at this time and plaintiff prays leave to amend the true amount when the same has been ascertained.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages in a sum in excess of the jurisdictional minimum of the Superior Court of California;

2. For loss of wages and earnings according to proof;

3. For exemplary and punitive damages against the individual defendants in the sum of $100.000.00 per defendant;

4. For attorney fees prayed for in the complaint;

5. For costs of suit herein incurred; and

6. For such other and further relief as this Court deems just and proper.

Dated: September __21__, 2009                    Respectfully submitted,

                                                 BY: _Mitsue Takahashi_
                                                     Mitsue Takahashi

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mitsue I. Takahashi
6641 N. Sultana Rd.
Livingston, CA 95334

From: Fresno Local Office
2300 Tulare Street
Suite 215
Fresno, CA 93721

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 485-2009-00475
EEOC Representative: Melissa Barrios, Local Office Director
Telephone No.: (559) 487-5797

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Melissa Barrios, Director

6/24/09 (Date Mailed)

Enclosures(s)

cc: NEA-CTA-MMCUC-LETA
C/o Human Resources
3175 Collins Dr
Merced, CA 95348

Exhibit A